**SO ORDERED: March 2, 2012.**



**Frank J. Otte**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| SERVANDO GARZA, JR. | ) CASE NO. 11-6038-FJO-13 |
| PAULA MARIE GARZA | ) |
| | ) |
| Debtors | ) |

## ORDER

This matter came before the Court upon the filing of the Debtors' Second Amended Plan, the Objection filed thereto by Forum Credit Union ("Forum"), and the Debtors' Response. The Court heard oral argument on this matter on February 22, 2012. It is now ready for this Court's consideration.

The issue before the Court is whether the creditor having taken collateral in the form of share accounts in addition to the mortgage on the debtors' principal residence caused the creditor to lose the protections afforded by the anti-modification provisions of Section 1322(b)(2).

11 USC Section 1322(b)(2) provides:

>(b) Subject to subsections (a) and (c) of this section, the plan may –
>
>>(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

Both parties have noted the Supreme Court case of <u>Nobelman V. American Savings Bank</u>, 508 U.S. 324 (1993). Although a critical case, it is not specifically on point with the facts of this case. This Court finds a critical factor is whether the additional collateral relates to the real property. If so, it shall be considered nothing more than an enhancement and should not result in the forfeiture by the lender of the anti-modification provisions of Section 1322(b)(2). If the additional security interest is part of the real property, then it is appropriate to apply section 1322(b)(2) and protect the under secured mortgagee from bifurcation of its claim into secured and unsecured claims. In <u>In re Rosen</u>, the court found that a Chapter 13 debtor could not strip down the lien on a mortgage on the debtor's principal residence on the theory that "rents and profits" language in the mortgage gave the mortgagee a security interest in collateral other than the debtor's principal residence. 208 B.R. 345 (D.N.J.1997). The <u>Rosen</u> Court reasoned that "rents and profits" would not exist but for the mortgaged property, and that the language in question did not, as a practical matter, increase the security available to the mortgagee." 208 B.R. 345. This Court finds that the extension of the anti-modification section of 1322 to additional collateral is narrowly construed to those cases where the additional collateral is related to the real estate. <u>In Re Hammond</u>, 27 F.3d 52 (3d Cir. 1994), involved a secured creditor with a lien on the debtor's residence and on some personal property including furniture and equipment. The <u>Hammond</u> court found that bifurcation was permissible because of the additional collateral. <u>Id</u> at 57-58.

The creditor in the present case did not take an interest in rents or profits or other collateral which has a tie to the real property or "runs with the land"; instead it took an interest in the share accounts, something totally unrelated to the debtors' residence. This court finds that by taking such additional collateral, the creditor lost the rights afforded by the anti - modification provisions of section 1322(b)(2) and the mortgage is subject to strip off.

The Court further notes that the Debtors included in their pleading a request for fees. There is no basis for a fee award being assessed against the creditor for raising an issue of law which is not clearly established.

**Conclusion**

Based upon the foregoing, this Court ORDERS that the Forum Credit Union's Objection to the Debtors' Second Amended Plan is OVERRULED; that the Debtors be permitted to bifurcate Forum's claim; that Forum shall file an amended Proof of Claim within 30 days of the date of this order; and Debtors' request for fees is DENIED.

###